HIGGINBOTHAM, J.
|Jn this case, plaintiff, Robert Wilson, challenges the trial court’s grant of summary judgment in favor of the state finding that the governor’s office’s had the authority to terminate him from his position as coordinator of the Statewide Independent Living Council (SILC), and the denial of his cross motion for summary judgment.
FACTS AND PROCEDURAL HISTORY
In August 2006, Robert Wilson was offered the position of Statewide Independent Living Council Coordinator[1] and started the job on September 11, 2006. Wilson’s offer of employment was made by the then executive director of the Governor’s Office of Disability Affairs. (GODA). Wilson served in that position until he was placed on administrative leave by the executive director of GODA on October 10, 2008. Thereafter, he was notified that he was terminated from his position on October 17,. 2008, in a letter from the special assistant to the governor.
On December 19, 2008, Robert Wilson filed a “Petition for Damages, . Declaratory Judgment, Mandamus, Injunctive Relief and Attorney Fees” against the State of Louisiana through the Office of Disability Affairs, Louisiana Statewide Independent Living Council, and Wayne Blackwell, the Chairperson of SILC (the state). In l)is petition, he alleged that in accordance with *605 the Federal Rehabilitation Act and Louisiana Executive Order No. BJ 2008-73, SILC was to operate independently from any other state agency, including the office of the governor, and he was an employee of SILC; therefore, the governor’s office was without authority to terminate him. On February 19, 2010, Wilson amended his petition to assert a claim under the Americans with Disabilities Act (ADA).
IsThe state answered the -suit and filed a motion for summary judgment contending that Wilson was an unclassified state employee serving at the pleasure of the governor in accordance with La. Const. Art. 4 Sec. 5(1) and La. R.S. 42:4[2], and the governor had the authority to terminate Wilson’s employment at any time.
On September 23, 2014, Wilson filed a cross motion for summary judgment again contending that he. worked directly for SILC, which is mandated to be independent from any state agency, and for that reason no genuine issue of material fact remained as to whether the governor’s office had authority to terminate him. ⅛, .
The competing motions for summary judgment were heard by the trial, court, after which the trial court granted summary judgment in favor of .the state -and dismissed all Wilson’s claims against the state, except for the ADA claims asserted in Wilson’s amended petition. The trial court also designated the summary judgment as a partial final judgment for pur-, poses of an immediate appeal under La. C.< Civ. P. art. 1915.
STANDARD OF REVIEW
■■When reviewing summary judgments, appellate courts conduct a de novo review of the evidence, using the same criteria that govern the trial court’s determination of whether, summary judgment is appropriate. Boudreaux v. Vankerkhove, 2007-2555 (La.App. 1st Cir.8/11/08), 993 So.2d 725, 729-30. The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, .if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2).
|4On a motion for summary judgment, the initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party must only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Then the non-moving party must produce factual' support sufficient to satisfy its evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2).[3]
LAW AND ANALYSIS
The SILC was formed to comply with federal requirements in the Federal Reha *606 bilitation Act to establish a statewide living council in order for the state to be eligible to receive financial assistance from the federal government for independent living services. 29 U.S:C.A. § 796d(a); 34 C.F.R. § 364.21(a)(1). ■ The SILC is responsible for developing the state plan in conjunction with the state and for monitoring, reviewing, and evaluating the implementation of that plan. ■ 29 U.S.C.A. § 796d(c); 34 C.F.R. § 364.21(g). Federal law requires that members of the SILC be appointed by the governor with the input of organizations representing or interested in individuals ’ with disabilities. 29 U.S.C.A. § 796d(b); 34 C.F.R. §' 364.21(b). Federal law specifically prohibits the SILC’s establishment as an entity within a state agency and requires that the SILC be independent of any state agency.’ 29 U.S.C.A § 796d(a); 34 C.F.R. §’ 364.21(a)(2).
In regards to the staff for SILC, the Federal, Rehabilitation Act provides “[t]he Council shall prepare, in conjunction with the designated State entity, a plan for the provision of such resources, including such staff and personnel, as may be necessary Land sufficient to carry out the functions of the Council” 29.U.S.C.A. § 796d(e)(l), and “[t]he .SILC shall, consistent with State law, supervise and evaluate its staff and other personnel as may be necessary to carry out its functions under this section.” 34 C.F:R. § 364.21(j)(l).
In order to comply with 29 USCA § '701 et seq., the governor issued Executive Order No. BJ 2008-73, reestablishing Louisiana’s SILC, which states:
The Council shall not be an entity within any state agency, including LRS [Louisiana Rehabilitation Services], and is independent of LRS and all other state agencies. The Council shall coordinate its activities with the Office of Disability Affairs, Office of the Governor. The executive director of the Office of Disability Affairs will provide administrative oversight to ensure that the Council is compliant with all rules and 'regulations of the state of Louisiana, including those concerning' purchasing and procurement, hiring, firing, and evaluating staff, and ethical behavior and practices.
Section 9 of the executive order provides that “Support staff, facilities, 'and resources for the Council shall be provided by the Office of the Governor.”
The state, in favor of its motion for summary judgment arid position that Wilson was an unclassified state employee and the governor’s office was authorized to terminate him, offered the' “Conditional Offer of Employment for Unclassified Employees,” which offered Wilson employment in a position With the “Office of the Governor In the job title of Statewide Independent Living Council Coordinator.” This document was signed by'Matthew J. Rovira, who was the executive director of GODA at that time.' Additionally; the state offéred the Personnel Action Requests completed for Wilson’s initial hiring and subsequent pay adjustments. All Personnel Action Requests were signed by the governor’s chief of staff. The employment records of Wilson were attached to the state’s motion showing that he was paid by the state, he was in the state’s retirement system, his office was within GODA’s facilities, and his daily attendance records and requests for leave were issued by GODA and approved by GODA’s director.
. LThe state also attached affidavits of several persons involved with GODA and SILC. In his affidavit Brandon Burris, the executive director of GODA, "stated that he was Wilson’s immediate supervisor, and that he placed Wilson on administrative leave and recommended that he be terminated. Luke J. Letlow, special assis *607 tant to the governor who signed the letter terminating Wilson, stated in his 'affidavit that Wilson was not an employee of SILC and that he was an unclassified employee of the governor’s office. He further stated that he was authorized to terminate Wilson’s employment by the governor’s chief of staff. Wayne Blackwell, the chairperson of SILC at the time óf Wilson’s termination, stated in his affidavit that Wilson was an employee of . GODA and was .not employed by SILC, and that his supervisor was the director of GODA, not SILC or any of its members.
The evidence presented by the state in favor of its motion for summary judgment proved that Wilson was an unclassified employee of the state who served at the pleasure of the governor’s office.. Thus, Wilson must produce factual, support sufficient to satisfy his evidentiary burden of proving at trial that: the governor’s office was without authority to fire him.
In favor of his motion. for. summary judgment, Wilson contends that his employment in the governor’s office violates federal law and state law that requires SILC to be independent from any state agency. Wilson attached several documents to his motion including the deposition of Diane Mirvis, a member of SILC during Wilson’s time as SILC coordinator, who testified that Wilson was hired by a vote of the council with involvement from the director of GODA- Wilson also attached his affidayit in which he attested that he was hired by SILC, and he was paid under the SILC budget code.
Additionally, Wilson submitted the State Plan for Independent Living for the fiscal years 2008-2010. The plan states that GODA provides day-to-day oversight to ensure that the council is compliant with all rules and regulations of the state' of ^Louisiana, including those concerning purchasing and procurement, hiring, firing, an evaluating staff: Thé ' plan- provides:
SILC staff activities are directed by the SILC Executive Committee on behalf of the full Council; day-to-day activities 'are monitored by [GODA] to ensure that the Council is compliant with all rules and regulations of the state of Louisiana. SILC staff evaluations are conducted jointly by the Executive Director of [GODÁ];'who reports on the staffs administrative performances; and the SILC Executive Committee, who report on the staffs programmatic and SPIL-related performance.
Wilson correctly pointed out that the federal legislation, as well as the executive order issued by the governor, state that SILC should be independent from any state agency. GODA’s responsibility as to SILC is to coordinate with SILC, provide administrative oversight, ensure compliance with all rules and regulations of the state, and to provide resources necessary for SILC. The Federal Rehabilitation Act outlines the importance of SILC’s autonomy from any other state agency, and that the state agency’s (in this case GODA) responsibility as to SILC is only to provide administrative oversight. However, Wilson’s position as coordinator of SILC is not clearly defined by statute' dr by the executive order of the governor. The federal legislation mandating that SILC be independent from any state agency does not specifically mandate (hat Wilson’s position also be independent from a state agency.
The evidence introduced by the state proved that Wilson was a member, of the support staff provided by the office of the governor, was supervised by GODA, and the SILC chairperson specifically testified that Wilson did not work directly for SILC. Wilson failed to introduce evidence sufficient to show that he would be able to *608 meet his evidentiary burden of proving that his position as SILC coordinator being within the office of the governor violated any federal or state law, or that he served at the pleasure of SILC. Because Wilson did not provide factual support sufficient to satisfy his evidentiary burden of proving at trial that the governor’s office was [«without authority to terminate him, we find no genuine issues of material fact remain, and the trial court’s grant of summary judgment in favor of the state, and denial of summary judgment in favor of Wilson, was proper,
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the state on all claims other than the ADA claims, and denying Wilson’s motion for summary judgment is affirmed. All costs of the appeal are assessed to appellant, Mr. Robert Wilson.
AFFIRMED.

. Throughout the record Wilson’s job is referred to interchangeably as coordinator and executive director. We refer to him as coordinator throughout the opinion because that term was part of his job title when he was hired.

. Louisiana Constitution article 4 section 5(1) provides, "The governor may remove from office a person he appoints, except a person appointed for a term fixed by this constitution or by law.” Louisiana; Revised Statute 42:4(A) provides in pertinent part, "[A]ll public officers who are appointed by the Governor shall serve at the pleasure of the Governor,”

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply tp any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore,, we refer to the former version of the .article in this case. See Acts 2015, No. 422, §§ 2 and 3.